IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAROL L. OLIWA, Individually, and CAROL L. OLIWA, Conservator for JOSEPH S. OLIWA, <br>     Plaintiffs, <br><br> v. <br><br> AMERICAN ADJUSTMENT BUREAU, INC., <br>     Defendant. | Case No.: <br><br> COMPLAINT AND DEMAND FOR JURY TRIAL <br><br> (Unlawful Debt Collection Practices) |

## COMPLAINT

CAROL L. OLIWA, Individually and CAROL L. OLIWAS, Conservator for JOSEPH S. OLIWA (collectively "Plaintiffs"), by and through their attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., allege the following against AMERICAN ADJUSTMENT BUREAU, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiffs' Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant is headquartered and conducts business in the State of Connecticut, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiffs are natural persons residing in Ellington, Connecticut 06029 at the time of the alleged harassment.

6. Plaintiff Carol L. Oliwa (hereinafter "Carol") is a person granted a cause of action under the FDCPA. See 15 U.S.C. § 1692k(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff Carol L. Oliwa as Conservator for Joseph S. Oliwa (hereinafter "Joseph") is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its corporate headquarters located at 73 Field Street, Waterbury, Connecticut 06723.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all relevant times, Defendant sought to collect an alleged consumer debt from Plaintiffs, related to a medical bill.

12. The alleged debt Defendant was seeking to collect, a medical bill from Manchester Memorial Hospital, arose out of transactions, which were primarily for personal, family, or household purposes.

13. The debt could not have been a business debt, as Plaintiffs owe no business debt.

14. Beginning in March 2014, and continuing through July 2014, Defendant sought to collect the alleged medical debt from Plaintiff.

15. Defendant contacted Plaintiffs on their home telephone seeking and demanding payment of the alleged debt.

16. Desiring to stop the calls to their home telephone, on July 4, 2014, Plaintiffs sent written correspondence to Defendant stating, "I have never sent you any money, I don't know who you are, stop harassing me and do not contact me again." See Exhibit A, Plaintiff's July 4, 2014, letter to Defendant.

17. After receiving Plaintiffs' July 4, 2014, letter, Defendant failed to

update its records to restrict calls to Plaintiffs' home telephone.

18. Instead, Defendant continued to call Plaintiffs' home telephone, knowing that its calls were unwanted.

19. Most recently, Defendant contacted Plaintiffs on their home telephone on July 16, 2014.

20. In addition, on June 19, 2014, Defendant sent a collection letter to Joseph. See Exhibit B, Defendant's June 19, 2014, letter.

21. The collection letter was addressed to "Joseph S. Oliwa." See Exhibit B.

22. The letter was an effort to collect on a consumer debt, i.e. a hospital bill. See Exhibit B.

23. The letter was sent to Joseph in a clear, plastic window envelope.

24. Through the window of the envelope, the account number, "P05246," was visible. See Exhibit B.

25. A debt collector is prohibited from "using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails…." See 15 U.S.C. § 1692f(8).

26. The collection letter utilized by Defendant conveyed such information violating the FDCPA. See Douglass v. Convergent Outsourcing, 765 F.3d 299 (3d Cir. 2014).

# DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

27. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

28. Defendant violated § 1692d of the FDCPA when it called Plaintiffs repeatedly on their home telephone and continued to call them after receiving written correspondence to stop calling them, as well as when it engaged in other harassing or abusive conduct.

## COUNT II

29. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

30. A debt collector violates § 1692f(8) of the FDCPA by using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

31. Here, Defendant violated §§ 1692f and 1692f(8) of the FDCPA by disclosing Joseph's account number through clear plastic window of an envelope containing a collection letter.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, CAROL L. OLIWA, Individually and CAROL L. OLIWAS, Conservator for JOSEPH S. OLIWA, respectfully pray for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.    Any other relief deemed appropriate by this Honorable Court.

# DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, CAROL L. OLIWA, Individually and CAROL L. OLIWAS, Conservator for JOSEPH S. OLIWA, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

CAROL L. OLIWA, Individually and
CAROL L. OLIWAS, Conservator for
JOSEPH S. OLIWA
By their Attorney,

*/s/Angela K. Troccoli*

---

Angela K. Troccoli, Esquire, Id# ct28597
Kimmel & Silverman, PC
*The New England Office*
136 Main Street, Suite 301
Danielson, CT 06239
(860) 866-4380- direct dial
(860) 263-0919- facsimile
atroccoli@creditlaw.com

Dated: December 5, 2014